IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHU CHINSAMI,<br><br>        Plaintiff,<br><br>    v.<br><br>SEABROOKS,<br><br>        Defendant. | No. 2:23-CV-0148-DMC-P<br><br>ORDER<br><br>and<br><br>FINDINGS AND RECOMMENDATIONS |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to revoke Plaintiff's in forma pauperis status, ECF No. 32.

        The PLRA's "three strikes" provision, found at 28 U.S.C. § 1915(g), provides as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained . . ., brought an action . . . in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Id.

///

///

1

Thus, when a prisoner plaintiff has had three or more prior actions dismissed for one of the reasons set forth in the statute, such "strikes" preclude the prisoner from proceeding in forma pauperis unless the imminent danger exception applies. The alleged imminent danger must exist at the time the complaint is filed. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). A prisoner may meet the imminent danger requirement by alleging that prison officials continue with a practice that has injured him or others similarly situated in the past, or that there is a continuing effect resulting from such a practice. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2014).

## I. PLAINTIFF'S ALLEGATIONS

On January 24, 2023, Plaintiff initiated this action with a pro se complaint pursuant to 42 U.S.C. § 1983. See ECF No. 1, pg. 3. Plaintiff asserts a cause of action for deliberate indifference to his medical needs against Defendant Dr. Seabrooks. See id. Plaintiff claims the ophthalmologist conducted eye surgery without Plaintiff's consent. See id. During the operation, Plaintiff contends a "special made . . . computer programmer eye lens" was placed in Plaintiff's right eye. Id. Plaintiff further alleges that an illegal study was done on him for years by prison staff without informing Plaintiff. See id. Plaintiff alleges he requested that the lens be removed, but his requests were denied for years. See id. According to Plaintiff, prison staff have used the computerized eye lens to "turn a Hindu religious man or Petitioner into homosexual" and that the eye lens was used to put Plaintiff into a "deep sleep" at which time he was "butt-fucked with large penis." Id.

Plaintiff filed a motion for leave to proceed in forma pauperis, which the Court granted. See ECF No. 5. On May 1, 2025, Defendant filed the pending motion to revoke Plaintiff's in forma pauperis status. See ECF No. 32.

///
///
///
///

2

## II. DISCUSSION

In the pending motion, Defendant argues that Plaintiff is not entitled to proceed in forma pauperis in this action because he has had three or more prior actions dismissed for failure to state a claim or as frivolous. See ECF No. 32. Defendant also argues the current action should be dismissed as frivolous and malicious per 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim per Federal Rules of Civil Procedure Rule 12(b)(6). See id. For the reasons discussed below, the Court agrees.

    A.    **Revocation of In Forma Pauperis Status**

        1.    Prior Strikes

Defendant asserts the following cases constitute prior "strikes" which preclude Plaintiff from proceeding in forma pauperis in the instant action:

    Chinsami v. Silbaugh et al, (Chinsami I), No. 2:12-cv-02202 (E.D. Cal.).

    Chinsami v. Harrison et al, (Chinsami II), No. 2:13-cv-01124 (E.D. Cal.).

    Chinsami v. Singh et al, (Chinsami III), No. 2:14-cv-00461 (E.D. Cal.).

    Chinsami v. Fox et al, (Chinsami IV), No. 2:16-cv-02461 (E.D. Cal.).

    Chinsami v. Fox et al, (Chinsami V), No. 2:16-cv-02153 (E.D. Cal.).

    Chinsami v. Lozano et al, (Chinsami VI), No. 2:20-cv-01792 (E.D. Cal.).

    Chinsami v. Lozano et al, (Chinsami VII), No. 2:21-cv-01056 (E.D. Cal.).

    Chinsami v. Cueva (Chinsami VIII), No. 2:23-cv-00567 (E.D. Cal.).

See ECF No. 32, pgs. 5-8. Defendants have provided the Court with relevant portions of the record for each of these cases, which the Court may judicially notice. See Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967); see also ECF No. 32-1 (Defendants' Request for Judicial Notice). The Court agrees with Defendants that these cases each constitute a prior "strike" under the PLRA.

/ / /

/ / /

/ / /

/ / /

      a.    *Chinsami I*

Plaintiff incurred his first strike here because the case was dismissed for failure to state a claim. See ECF No. 32, pg. 5-6. The Court finds that the dismissal of <u>Chinsami I</u> constitutes a prior "strike."

      b.    *Chinsami II*

Plaintiff incurred his second strike here because Plaintiff failed to file an amended complaint within the required period once the Court had found the allegations in the original complaint to be too vague and conclusory to state a claim. See <u>id.</u> at 6. Therefore, the action was dismissed without prejudice. See <u>id.</u> The Court finds that the dismissal of <u>Chinsami II</u> constitutes a prior "strike."

      c.    *Chinsami III*

Plaintiff incurred his third strike here because the case was dismissed during the screening process due to Plaintiff's failure to state a claim on May 21, 2014. See <u>id.</u> The Court finds that the dismissal of <u>Chinsami III</u> constitutes a prior "strike."

      d.    *Chinsami IV*

Plaintiff incurred his fourth strike here because the case was dismissed during the screening process due to Plaintiff's failure to state a claim on May 01, 2017. See <u>id.</u> at 6-7. The Court finds that the dismissal of <u>Chinsami IV</u> constitutes a prior "strike."

      e.    *Chinsami V*

Plaintiff incurred his fifth strike here because the case was dismissed during the screening process due to Plaintiff's failure to state a claim on May 28, 2019. See <u>id.</u> at 7. The Court finds that the dismissal of <u>Chinsami V</u> constitutes a prior "strike."

      f.    *Chinsami VI*

Plaintiff incurred his sixth strike here because the case was dismissed due to failure to comply with the Court's order to amend the second complaint. See <u>id.</u> The Court finds that the dismissal of <u>Chinsami VI</u> constitutes a prior "strike."

///

///

        g.      *Chinsami VII*

Plaintiff incurred his seventh strike here because the case was dismissed during the screening process due to Plaintiff's failure to state a claim on November 30, 2021. See id. at 7-8. The Court finds that the dismissal of Chinsami VI constitutes a prior "strike."

        h.      *Chinsami VIII*

Plaintiff incurred his eighth strike here because the case was dismissed due to Plaintiff's failure to state a claim and repetition of previous lawsuits. See id. at 8. The Court finds that the dismissal of Chinsami VIII constitutes a prior "strike.

    2.    Imminent Danger Exception

Defendant contends that the complaint in the current action does not indicate that Plaintiff was under imminent danger of serious physical injury at the time he initiated this action. See ECF No. 32, pgs. 8-9.  According to Defendant:

> In this case, plaintiff's complaint repeats allegations that have previously been deemed "frivolous" by this court, namely that CDCR doctors illegally planted "a computer programmer eye lens" to control his mind. Plaintiff has been making this fanciful allegation since 2012. (See RFJN, Exh. 1-A and 1-B, *PC) Chinsami v. Silbaugh et al.,* 2:12-cv-02202-DAD.) This allegation has not become more plausible over the years and he fails to demonstrate that plaintiff was under an imminent danger of serious physical injury when he filed this action.

ECF No. 32, pgs. 8-9.

The Court agrees.  As discussed below, and has been determined in numerous of Plaintiff's prior cases, the allegation that Defendant and prison officials placed a computerized eye lens in Plaintiff's eye in order to control his mind and turn him into a homosexual are fanciful, frivolous, and cannot serve as the basis for a finding that Plaintiff was under an actual imminent danger of serious injury at the time the complaint was filed in 2023.

    **B.**    **Failure to State a Claim**

Defendant raises two related arguments.  First, Defendant argues that Plaintiff's allegations fail to state a claim for relief because they are legally frivolous.  See ECF No. 32, pgs. 9-12.  Second, Defendant argues that Plaintiff's allegations fail to state a substantive claim for relief on the merits.  Because the Court agrees with Defendant that the current action is frivolous

5

and duplicative of the same allegations which have been previously dismissed as frivolous, it is not necessary to also address whether Plaintiff's allegations state a plausible Eighth Amendment medical deliberate indifference claim – they do not.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328). Finally, a complaint may be dismissed as frivolous if it merely repeats pending or previously litigated claims. See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995).

Here, Plaintiff alleges that a specially made computerized lens was implanted into his right eye for the purpose of controlling his mind, turning him into a homosexual, and allowing him to be raped. See ECF No. 1 at 3. The same claims have been raised and rejected previously. In Chinsami III, cited above as a prior strike, Plaintiff alleged that a computer programmer eye lens had been installed in his right eye and that prison officials did so to cause him to become homosexual. See Chinsami v. Singh, et al., 2:14-cv-0461-EFB. Plaintiff made similar allegations in Chinsami IV, Chinsami V, and Chinsami VI. Plaintiff's allegations, which he has unsuccessfully presented in numerous prior cases, fail to present an arguable legal or factual basis for relief. As noted above, the current action is frivolous as it merely repeats claims which have previously been dismissed.

///

///

## III. CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1. It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2. It is RECOMMENDED that Defendants' request for judicial notice, ECF No. 32-1, be GRANTED.

3. It is RECOMMENDED that Defendants' motion to revoke Plaintiff's in forma pauperis status and to dismiss, ECF No. 32, be GRANTED.

4. It is RECOMMENDED that Plaintiff's in forma pauperis status be REVOKED.

5. It is RECOMMENDED that this action be DISMISSED with prejudice as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 26, 2025

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7